UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | |
|---|---|
| LESLIE LAWSON, | )<br>) |
| Petitioner, | )<br>) |
| | ) Civil Case No. |
| v. | ) 6:15-cv-38<br>) |
| AARON SMITH, | )<br>) **MEMORANDUM OPINION and ORDER** |
| Respondent. | )<br>) |

\*\*\*

This matter is before the Court on Petitioner's motion for partial reconsideration of its earlier Memorandum Opinion and Order of July 26, 2018 [DE 28].

In the earlier Memorandum Opinion and Order, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 was denied, in part because the Petitioner had failed to exhaust his state court remedies on his claims I-III by seeking discretionary review of the decision of the Kentucky Court of Appeals by the Kentucky Supreme Court. Lawson asserts he was not required to seek such discretionary review to exhaust these claims for purposes of federal habeas review.

Lawson is correct. Kentucky Rule of Criminal Procedure (RCr) 12.05 provides that moving for discretionary review is not required for purposes of exhausting "all available state remedies respecting a claim of error." This rule is consistent with that

considered by the Sixth Circuit in *Adams v. Holland*, 330 F.3d 398 (6th Cir. 2003), and this same result has been reached by both this Court and the United States District Court for the Western District of Kentucky. *See Blevins v. White*, 10-CV-07-GFVT, 2014 WL 7004976 at *10, fn. 4 (E.D.Ky. Dec. 10, 2014) and *Willis v. Haney*, 07-CV-157-R, 2008 WL 1743509 at *9 (W.D.Ky. April 11, 2008).

The Court agrees Lawson's failure to present Claims I-III to the Kentucky Supreme Court by way of a motion for discretionary review does not render the claims unexhausted and procedurally defaulted, and therefore will aside that portion of the earlier Memorandum Opinion and Order denying relief on Petitioner's claims I-III on that ground.

Nevertheless, the magistrate judge properly recommended that the claims be rejected in her Report and Recommendation [DE 19]. Specifically, the magistrate judge correctly recommended claims I and III be found procedurally defaulted because – while the claims were raised in Lawson's *pro se* RCr 11.42 motion in the trial court – the claims were not raised in his appeal from the trial court's denial of that motion [DE 19]. Further, *Martinez v. Ryan*, 566 U.S. 1 (2012), did not apply to excuse the default because it was applicable only to ineffective assistance of post-conviction counsel during the trial court proceedings not during the appeal from those proceedings [DE 19]. This determination was upheld by

the United States Supreme Court. *Davila v. Davis*, 137 S.Ct. 2058 (2017).

Moreover, even though the magistrate judge found claims I and III to be procedurally defaulted, she went on to conclude that these claims as well as claim II did not warrant relief under either the restrictions of AEDPA deferential review or when reviewed *de novo*. Upon a fresh examination of the magistrate judge's Report and Recommendation, the Court agrees.

Accordingly,

**IT IS ORDERED** herein as follows:

**(1)** That Petitioner's motion for reconsideration be, and the same hereby is, **GRANTED**.

**(2)** That the Magistrate's Report and Recommendation (except for that portion which recommends dismissal of claims I-III for failure to exhaust his state court remedies) be, and it hereby is, **ADOPTED** as the Court's.

**(3)** Lawson's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [DE 1] **is DISMISSED WITH PREJUDICE;**

**(4)** Lawson's request for an evidentiary hearing is **DENIED;**

**(5)** Lawson's request for a certificate of appealability is **DENIED;**

**(6)** Judgment is entered in favor of Respondent; and the Clerk **SHALL STRIKE THIS MATTER FROM THE ACTIVE DOCKET.**

This the 17th day of October, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge